UNITED STATES of America

v.

Oliver L. NORTH.

Crim. No. 88–0080–02.

United States District Court,
District of Columbia.

Dec. 2, 1988.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Re: *North's Motions (# 29) to Dismiss Count 9 for Failure to State an Offense; (# 32) to Dismiss Count 4 for Failure to State an Offense; (# 34) to Dismiss Counts 4, 5, 6, 7 and 9 Because of Lack of Fair Notice That the Conduct Charged Was Criminal; (# 43) to Dismiss Counts 4 and 9 on the Ground that Unsworn Statements Alone Cannot Constitute Obstruction Under 18 U.S.C. § 1505; and (# 49) to Dismiss Counts 1–3, 4–7, 9 and 23 as Based on Novel Legal Theories Beyond the IC's Authority.*

The above motions all seek in whole or in part to dismiss Counts 4 and 9, which charge North with obstructing congressional committee inquiries in violation of 18 U.S.C. § 1505. All outstanding motions to dismiss these counts are denied. Aspects of these motions have already been covered by prior rulings filed on November 10 and November 29, 1988 and little further need be said.

■ Just as the Court rejected North's claim that he had no notice in the circumstances alleged that obstructing inquiries of the Attorney General was illegal, or that making false statements to congressional committees was illegal, the Court likewise holds that North's due process rights to notice have been satisfied with respect to charges that he obstructed congressional inquiries. Although there have been relatively few prosecutions for violations of § 1505, it is clear that obstruction of Congress can involve a "Statement of Certification" signed under oath; the alteration, mutilation and withholding of subpoenaed documents; the submission of documents known to be back-dated; and influencing a witness to give false statements.[1] Surely, then, it can also encompass alleged misstatements that sought to block committee inquiries into press reports on aspects of the Iran-contra situation and, with respect to Count 9, inquiries regarding subject matter falling within pending legislation. North's contention (Motion # 34) that the statute is defective as to him because it fails to specify that unsworn statements can form the basis for conviction must also be rejected in the light of these precedents.

■ Section 1505 contains a jurisdictional element. The obstruction must occur during the due and proper exercise by Congress of its power of inquiry. North contends that this essential jurisdictional element has not been met in these counts.

■ The counts, however, state an offense under § 1505. The statute itself includes broad language proscribing the obstruction of congressional committee inquiries, as opposed to requiring an investigation by the full Congress. In this instance, the committees, as part of their oversight functions, had needed to inquire into the facts, to ascertain whether any laws were being ignored or whether laws their committees had framed contained gaps, thus stultifying legislative purposes. Defendant cites the very case recognizing the importance of Congress' power of inquiry, *McGrain v. Daugherty*, 273 U.S. 135, 175, 47 S.Ct. 319, 329, 71 L.Ed. 580 (1927).[2] This case, upholding the power of Congress to compel testimony, in no way derogates Congress' power to request honest information through appropriate committees without a subpoena, when formal service of process does not appear necessary, as here.[3] A congressional inquiry has been held to be instituted when a committee chairman commences an investigation into a matter within his committee's proper jurisdiction. (*United States v. Mitchell*, Cr. No. R–87–0132 (D.Md.) slip op. filed January 12, 1988, at 13–14). A course of action meeting jurisdictional requirements is stated and further pertinent facts await developments at trial.

■ In his pretrial motion # 29, North alleges that Count 9 cannot stand because his exact words were not transcribed at the

1. *United States v. Lavelle*, 751 F.2d 1266 (D.C. Cir.), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985); *United States v. Presser*, 292 F.2d 171 (6th Cir.1961), *aff'd by an equally divided court*, 371 U.S. 71, 83 S.Ct. 178, 9 L.Ed.2d 163 (1962); *United States v. DeMarco*, 407 F.Supp. 107 (C.D.Cal.1975) (dismissed for prosecutorial misconduct); *Stein v. United States*, 337 F.2d 14 (9th Cir., 1964), *cert. denied*, 380 U.S. 907, 85 S.Ct. 889, 13 L.Ed.2d 795 (1965).

2. The Court stated: "A legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change; and where the legislative body does not itself possess the requisite information ... recourse must be had to others who do possess it ... All this was true before and when the Constitution was framed and adopted. In that period the power

of inquiry—with enforcing process—was regarded and employed as a necessary and appropriate attribute of the power to legislate—indeed, was treated as inhering in it. Thus there is ample warrant for thinking, as we do, that the constitutional provisions which commit the legislative function to two houses are intended to include this attribute to the end that the function may be effectively exercised."

3. Contrary to North's suggestion, no subpoena was necessary for Congress to be conducting an inquiry. North (and McFarlane) did not resist the Committees' requests for information, causing Congress to invoke its subpoena power. Instead, if the allegations of Counts 4 and 9 are true, North responded willingly, and he affirmatively misled and obstructed Congressional inquiries.

meeting in the Situation Room. He relies on cases based on violations of the federal perjury statute, 18 U.S.C. § 1621, and false statement statute, 18 U.S.C. § 1001, under which a defendant may make statements that are literally true but none the less misleading. Law developed relating to these statutes is inapposite to offenses against Section 1505, as obstruction encompasses knowingly and intentionally making misleading statements. In order to state a cause of action under § 1505, the indictment need not allege North's exact words. North has been adequately informed of the charge against him. The indictment states specifically, unambiguously and precisely the substance of the statements alleged to be false and misleading. Moreover, for months North has had the documents constituting the government's case-in-chief, which include the three separate sets of notes taken at the meeting at which the statements that are the subject of Count 9 were made. If there are contradictions among the notes, as the defendant alleges, this is a matter to be addressed at trial.

As the foregoing makes clear, no novel legal theories warranting dismissal of Counts 4 or 9 are involved, as North contends in Motion # 49.

North's pretrial motions 29, 32, 34, 43 and 49 are now fully denied.

SO ORDERED.